## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| JAIMIE BELMONTE;  )<br>JAVID MAMMADOV;  )<br>   10033 Irving Park Rd, Apt 1B  )<br>   Schiller Park, IL 60176  )<br>  )<br>            Petitioner(s)  )<br>  )<br>         v.  )<br>  )<br>CHAD F. WOLF, in his official capacity,  )<br>Acting Secretary, U.S. Department of  )<br>Homeland Security;  )<br>KENNETH T. CUCCINELLI, in his official  )<br>capacity, Acting Director, U.S. Citizenship and  )<br>Immigration Services;  )<br>   245 Murray Lane, SW  )<br>   Mail Stop 0485  )<br>   Washington, DC 20528-0485  )<br>  )<br>WILLIAM P. BARR, in his official capacity,  )<br>Attorney General, Office of Attorney General,  )<br>U.S. Department of Justice;  )<br>   950 Pennsylvania Avenue, NW  )<br>   Washington, DC 20530-0001  )<br>  )<br>  )<br>            Respondent(s).  )<br>  ) | Civil Action No **1:20-cv-2089** |

**PETITIONERS' ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS AND DECLARATORY JUDGMENT**

Hashim G. Jeelani, Attorney for Petitioners, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 248-714-4312, Email: hashim@jeelani-law.com.

1

INTRODUCTION

COME NOW JAVID MAMMADOV (hereinafter "MAMMADOV" or collectively "Petitioners") and JAIMIE BELMONTE (hereinafter "BELMONTE" or collectively "Petitioners") the Petitioners, by and through the undersigned attorney, in the above cause, and state as follows:

1. This action is brought as a result of Respondents' failure to adjudicate Petitioner BELMONTE's Form I-130, Petition for Alien Relative, ("Petition") within a reasonable period of time. The Petition, if approved, will allow Petitioner MAMMADOV to apply for permanent resident status in the United States and continue living with his U.S. Citizen spouse, Petitioner BELMONTE. Until a decision is made on the Petition, MAMMADOV's application for permanent resident status cannot be filed or considered. The Petition has been in a pending status for a period of over three years, which is nearly three times the highest, average processing time reported by Respondent USCIS. The Petitioners have a clear right to adjudication of their Petition in a timely manner. The delay in making a decision on Petitioner's petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

2. The final adjudication of the Petition is a ministerial, nondiscretionary task that Respondents must perform within a reasonable period of time. 5 U.S.C. §555(b).

3. Respondents are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Respondents and those acting under them to take action on the Petition.

PARTIES

4. Petitioner BELMONTE is a resident of Cook County, Illinois, and a United States Citizen. She is the spouse of MAMMADOV and the petitioner of the Form I-130, Petition for

Alien Relative, allowing beneficiary qualification for MAMMADOV to adjust his status to a permanent resident of the United States.

5. Petitioner MAMMADOV is a resident of Cook County, Illinois, and is a national of the country of Azerbaijan. Petitioner MAMMADOV is the beneficiary of his spouse's I-130 Petition.

6. Respondent CHAD F. WOLF is the Acting Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Respondent WOLF is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and United States Citizenship and Immigration Services (hereinafter "USCIS") pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

7. Respondent KENNETH T. CUCCINELLI is the Acting Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

8. Respondent WILLIAM P. BARR is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

9. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Respondents to perform their statutory duties owed to the Petitioners. This Court has

additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, because Petitioners are seeking judicial review of inaction by one or more of the Respondents.

10.     Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

11.     The Petitioners have repeatedly requested the Respondents to make a final decision on the Petition. Further, Petitioners have initiated numerous inquiries with USCIS, directly and through their Congressman's Office. After such requests and inquiries failed, Petitioners notified the Respondents of their intent to file suit. The Respondents have failed to respond to such notice. The threat of judicial intervention has been meaningless in expediting a resolution.

12.     The Petitioners have exhausted their administrative remedies. Petitioners have supplied USCIS with documents that establish Petitioners eligibility for approval of their Petition.

13.     There are no further administrative remedies available for Petitioners to utilize.

## FACTUAL ALLEGATIONS

14.     On August 23, 2017, Petitioner BELMONTE filed Form I-130, Petition for Alien Relative, naming her spouse, Petitioner MAMMADOV, as a beneficiary (Receipt# YSC-1790-29-8764) with USCIS.

15.     On August 24, 2017, USCIS acknowledged through a mailed notice that BELMONTE's Petition was properly filed and the requisite fee of $535 was also received. **[EXHIBIT A].**

16.     On February 11, 2019, after waiting over a year and six months, Petitioners submitted an inquiry with USCIS, to which USCIS responded on February 25, 2019 that the case was still pending, and no timeframe could be given for an expected decision.

17. In January of 2020, after receiving no meaningful responses from USCIS, Petitioners met with USCIS Supervising Officer Patricia Larsen at the Chicago Field Office, who promised an adjudication of the Petition by May of 2020.

18. On February 13, 2020, the Petitioners were scheduled to appear at the USCIS Chicago Field Office so an interview could be conducted. Petitioners appeared on the date and time as required and completed the interview.

19. After completion of the interview on February 13, 2020, Petitioners were told by the officer that no further documents or information were needed from them for the adjudication of their Petition, and that they need to wait for an update in the mail.

20. On July 2, 2020, after waiting over four months since the interview, Petitioners submitted a phone inquiry, to which USCIS responded on July 7, 2020 that the case was still pending and no timeframe for completion could be provided.

21. Since attending their interview with USCIS on February 13, 2020, USCIS has made no further requests for information or evidence of the Petitioners.

22. As specifically alleged above, Petitioners have made numerous inquiries over the past three years with USCIS and have requested adjudications of their Petition.

23. Petitioners' inquiries have resulted in continuous responses from USCIS stating that the Petitioners' Petition were still pending review. **[EXHIBIT B].**

24. BELMONTE's Petition now continue to be pending with USCIS for over three years.

25. USCIS has published an average processing time of 10 months to 12.5 months for the adjudication of Form I-130. Petitioner BELMONTE's Form I-130 has been pending for over 36 months, which is nearly three times the highest, average processing time.

26. Respondents have refused to provide further explanation which would merit the need for over three years of processing time.

27. Petitioners have endured significant financial and emotional burdens as a result of the unreasonable period of time that their cases have been in pending status.

## COUNT I

### VIOLATION OF THE APA- FORM I-130

28. All prior paragraphs are re-alleged as if fully stated herein.

29. Petitioner BELMONTE has a statutory right to apply for and receive an adjudication of her Form I-130 pursuant to 8 U.S.C. § §1154(a)(1)(A)(i) and U.S.C. § 1154(b).

30. Respondents have a duty to adjudicate BELMONTE's Petition within a reasonable period of time under 5 U.S.C. §555(b).

31. The duty owed to Petitioners is ministerial and so plainly prescribed as to be clear and free from doubt.

32. No other adequate remedy is available to Petitioners.

33. Respondents have conducted the initial investigation and have sufficient information and documentation about Petitioners to adjudicate the Petition.

34. The delay in making a decision on Petitioner's petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

35. Given the Respondents' lack of a reason for not making a decision on Petitioner BELMONTE's Petition for over three years, Petitioner's Form I-130 Petition has been pending for an unreasonably long period of time.

36. Respondents have failed in their statutory duty to adjudicate the Petition in a reasonable time.

37.	Respondents have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on BELMONTE's Petition and have failed to carry out the adjudicative functions delegated to them by law with regard to BELMONTE's case.

38.	Respondents' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Respondents have willingly and unreasonably delayed and have refused to adjudicate Petitioner BELMONTE's Form I-130, thereby depriving Petitioners of the rights to which they are entitled.

39.	In addition, as a result of this delay, Petitioners have incurred enormous costs and significant attorney's fees.  Also, as a result of Respondents' actions, Petitioner BELMONTE has been denied the right to petition for her spouse to become a permanent resident of the United States. Further, Petitioner MAMMADOV has been unable to apply and receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen.  In effect, Petitioners' lives are on hold due to Respondents' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Petitioners respectfully pray:

1. That the Respondents be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Petitioners' Petition.

2. In the alternative, that the Court compel Respondents, and those acting under them, to perform their duty to adjudicate Petitioners' Petition immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  July 29, 2020                                      Respectfully submitted,

    /s Hashim G. Jeelani

**Hashim G. Jeelani, Esq. (MI0081)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**hashim@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(248) 714-4312**
*Counsel for Petitioners*